the **Voice** for employees

# Nichols Kaster & Anderson, PLLP

November 20, 2006

**VIA ECF FILING**
Honorable Sandra Brown Armstrong
United States District Court
Northern District of California
Federal Bldg. & U.S. Courthouse
1301 Clay St., Suite 400, South
Oakland, CA 94612-5212

      Re: *Stanfield, et al., v. First NLC Financial Services; No. C 06-3892 SBA*
            *Notice to Putative Class*

Dear Judge Armstrong:

The parties exchanged communications and have reached agreement on the majority of the notice to putative class members. The attached draft includes all of the text agreed-upon between the parties. There are four sentences which Defendant also wishes to add to the notice, which Plaintiff disputes, because these sentences are inaccurate, confusing, redundant, or all of the above. These are as follows:

- Defendant seeks to add a sentence to page 3 of the notice indicating, "Should the lawsuit not succeed, however, any person who joined the lawsuit may be collectively and/or proportionately liable to reimburse First NLC for its costs of suit – such as filing fees or deposition transcripts – and/or First NLC's attorneys' fees."

This proposed sentence is incorrect and designed merely to intimidate prospective plaintiffs. In fact, the fee agreement between Plaintiffs and Plaintiffs' counsel specifies that any costs will be incurred by Plaintiffs' counsel, not class members. Moreover, there exists no authority for the proposition that plaintiffs in FLSA actions would be liable under any circumstances for Defendant's fees or costs. 29 U.S.C. §216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid **by the defendant**, and costs of the action.").

- Defendant wishes to add the following sentence to page 3 of the notice: "If you file a 'Plaintiff Consent Form' your continued right to participate in this action will depend upon a later decision by the Court that you and the named Plaintiffs are 'similarly-situated' in accordance with applicable laws, and that it is appropriate for this case to proceed as a collective action."

This sentence is a more confusing repetition of a sentence already included on page 2 of the notice: "Your right to participate in this lawsuit may depend on a later decision by the United States District Court that you and the representative Plaintiffs are actually 'similarly-situated.'" Page 2 also includes the phrase, "assuming the Court determines that you are similarly-situated," again emphasizing that the conditional certification is not final. As this Court has noted, it is important for the notice to avoid confusing putative class members, which is the only result that would be accomplished by this proposed sentence.

- Defendant wishes to add a sentence to page 4 of the notice, stating, "The representative plaintiffs and class counsel will make key decisions concerning the litigation, the method and manner of conducting this litigation, and all other matters pertaining to this lawsuit. These decisions will be binding upon you, unless you object."

This sentence is unnecessary, and seeks only to frighten putative class members by inferring that, if they join this lawsuit, all decisions will be effectively out of their hands. This is untrue. All class members in a collective action have the right to opt-out at any time prior to accepting a settlement agreement or final resolution, and may consult with Plaintiffs' counsel at any point during the litigation. Moreover, the notice already identifies who will represent prospective class members if they join, and states that class members will be bound by any settlement reached on behalf of the class. The fee agreement with Plaintiffs sets forth in more detail the nature of the relationship between Plaintiffs' counsel and individual Plaintiffs.

- Finally, Defendant wishes to add a sentence to page 4 stating, "If there is a recovery, Plaintiffs' attorneys will receive a part of any settlement obtained or money judgment entered in favor of all members of the class, which would proportionately reduce the award that each class member would receive."

This sentence is merely a more confusing way of stating what is already clear elsewhere in the notice, that the attorneys will seek compensation, up to 40% of the recovery (on page 3 of the notice). This sentence, again, is designed only to attempt to discourage putative class members from joining the class.

There are two spaces where the timing has been left blank on page 2 of this proposed notice, because the deadlines are dependent upon the Court's agreement to the final notice and Defendant's provision of the list, which your Honor ordered Defendant to provide on November 1, 2006.

The discussions regarding the attached proposed notice commenced only after more than 10 days of delay by Defendant. Moreover, Plaintiff has sought production of the list or a date certain by which this list will be provided, Defendant has not yet provided either. Of course, each day that passes without the notice being finalized or the list being provided is another day of lost recovery for some putative class members. If Defendant fails to provide the list promptly, Plaintiff anticipates filing a Motion to Compel its production, which will also request that the Statute of Limitations be tolled because of Defendant's delays.

Thank you for your attention to an expeditious resolution of this matter.

> Sincerely,
>
> s/Bryan Schwartz
>
> Bryan Schwartz

Enclosures
cc:     Michael Weil