1   TIMOTHY J. LONG (STATE BAR NO. 137591)
    ORRICK, HERRINGTON & SUTCLIFFE LLP
2   400 Capitol Mall, Suite 3000
    Sacramento, California 95814
3   Telephone: (916) 447-9200
    Facsimile: (916) 329-4900
4   E-mail: tjlong@orrick.com

5   MICHAEL D. WEIL (STATE BAR NO. 209056)
    ORRICK, HERRINGTON & SUTCLIFFE LLP
6   405 Howard Street
    San Francisco, CA 94105
7   Telephone: 415-773-5700
    Facsimile: 415-773-5759
8   E-mail: mweil@orrick.com

9

10  Attorneys for Defendant
    First NLC Financial Services, LLC

11

12              UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14

15  Jeremy Stanfield, Romonia Persand, and        Case No.  C 06-3892 SBA
    Shabnam Sheila Dehdashtian, individually, on
16  bhealf of all others similarly situated, and on   **DEFENDANT FIRST NLC
    behalf of the general public,                    FINANCIAL SERVICES, LLC'S
17                                                   MEMORANDUM OF POINTS AND
                    Plaintiffs,                      AUTHORITIES IN SUPPORT OF
18                                                   FIRST NLC'S PROPOSED NOTICE
            v.                                       TO THE CLASS**
19
    First NLC Financial Services, LLC, and
20  DOES 1 through 50 inclusive,

21                  Defendants.

22

23

24

25

26

27

28

Defendant First NLC Financial Services, LLC ("First NLC") submits this brief in support of its proposed notice to the class, attached hereto as Exhibit A.

## I.    <u>SUMMARY OF MEET AND CONFER</u>

The parties exchanged meet and confer written communications well-within the court-ordered time period.[1] The parties were able to agree on most of the content of the notice to the putative class members, but reached impasse on four sentences that First NLC contends should be included within the notice. Below, First NLC sets forth the information that should be included in the notice and its rationale for including it.

## II.    <u>FIRST NLC'S PROPOSED INFORMATION FOR THE NOTICE TO THE CLASS.</u>

While the Proposed Notice in this case is merely a facilitated notice and this matter has not been certified as a class action, courts – including this Court – look to Federal Rule of Civil Procedure 23 for guidance. *See Veliz v. Cintas Corp.*, Case No. C 03-1180 SBA, Docket No. 151, p. 3, lines 3-5. "Rule 23 contemplates that putative class members will make an informed decision about their decision to opt out of a class." *In re McKesson HBOC, Inc. Secs. Litig.*, 126 F. Supp. 2d 1239, 1243 (N.D. Cal. 2000). The same is true for collective actions – class members should have complete and accurate information so that they can make an informed

---

[1] Plaintiffs' allegation that defendant or its counsel have improperly delayed in this lawsuit is false. While it is certainly not worth this Court's time to get involved in petty squabbles and finger pointing between the parties, First NLC feels obliged not to allow plaintiffs' incorrect and inflammatory accusations go unanswered. To set the record straight, the Court's November 1, 2006 order required the parties to meet regarding the notice within 10 days of the order. Under Federal Rule of Civil Procedure 6, the due date was November 16, 2006. Because of their full business and trial calendars, Defendants' counsel were unavailable for a meeting through November 10, but requested that plaintiffs' counsel schedule a conference call on November 13 or 14 so that Defendant's counsel could be prepared to talk about, and focused on, the important substantive issues regarding the notice. For some reason, plaintiffs' counsel refused to schedule a conference call – a common professional courtesy – and, instead, constantly tried to cold call Defendant's counsel to force Defendant's counsel into a discussion when Defendant's counsel were not ready or in the middle of other pressing business. Ultimately, the parties exchanged written communications during the week of November 13 instead of engaging in a phone conference. With respect to the list of class members, Defendant is in the process of putting this list together and expects to be able to transmit it to plaintiffs' counsel shortly. Although plaintiffs seems to think that this information is easily compiled, it takes time, particularly because it is important that the information is accurate. Plaintiffs' constant threats of motions and sanctions when First NLC cannot meet Plaintiffs' unreasonable demands and deadlines will not make the class member list materialize any sooner nor will it help the parties' future cooperative relationship.

decision to consent to the class. The following sentences should be included in the notice to ensure that class members make informed decisions:

**Proposed Sentence at page 3, lines 9-12.**

"Should the lawsuit not succeed, however, any person who joined the lawsuit may be collectively and/or proportionately liable to reimburse First NLC for its costs of suit – such as filing fees or deposition transcripts – and/or First NLC's attorneys' fees."

**Rationale**

Courts award costs to prevailing defendants in FLSA suits. *See* Fed. Rule Civ. Proc. 54(d); *Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190-91 (10th Cir. 2004) (awarding costs to prevailing defendant employer in FLSA suit). Although the FLSA does not expressly provide for it, courts may also award attorneys' fees to prevailing defendants. *See EEOC v. Complete Dewatering*, 16 F. Supp. 2d 1362, 1368-69 (S.D. Fla. 1998) ("in cases brought pursuant to the ADEA or FLSA**,** courts have applied the common law to prevailing defendants, allowing them to recover only if the plaintiff acted in bad faith."); *Kreager v. Solomon & Flanagan, P.A.,* 775 F.2d 1541, 1542-43 (11th Cir. 1985) (holding that the common law applies to claims by prevailing defendants for attorney's fees in FLSA actions). First NLC is not aware of any reason why it may not recover its costs and, potentially, its attorneys' fees should it prevail. Class members have a right to know this information before consenting to the lawsuit.

**Proposed Sentence at page 3, lines 16-19.**

"If you file a "Plaintiff Consent Form" your continued right to participate in this action will depend upon a later decision by the Court that you and the named Plaintiffs are "similarly situated" in accordance with applicable laws, and that it is appropriate for this case to proceed as a collective action."

**Rationale**

This is a plain statement of the collective action process. *See Leuthold v. Destination America, Inc.*, 224 F.R.D. 462, 466-67 (N.D. Cal. 2004) ("should the court determine on the basis

of the complete factual record that the plaintiffs are not similarly situated, then the court may decertify the class and dismiss the opt-in plaintiffs without prejudice."). Class members have a right to be fully informed about their decision to consent to this lawsuit, which includes understanding that the class may be decertified and dismissed by the Court. Although the substance of this sentence may be contained in other parts of the notice, First NLC's proposed notice includes this sentence under the heading "**EFFECT OF JOINING OR NOT JOINING THIS LAWSUIT**" to ensure that class members clearly understand this point.

**Proposed Sentence at page 4, lines 19-21.**

"The representative plaintiffs and class counsel will make key decisions concerning the litigation, the method and manner of conducting this litigation, and all other matters pertaining to this lawsuit. These decisions will be binding upon you, unless you object."

**Rationale**

This is a true statement about the relationship between class counsel and class members. In fact, the court in *Belt v. Emcare Inc.*, 299 F. Supp. 2d 664, 672 (E.D. Tex. 2003) approved a substantially similar version of this sentence. Indeed, it is commonly recognized that class or collective action attorneys have "nearly plenary control over all important decisions in the lawsuit because of the absence of monitoring by clients." *In re Thirteen Appeals Arising Out of The San Juan Dupont Plaza Hotel Fire Litigation*, 56 F.3d 295, 310 (1st Cir. 1995) (internal citations and quotations omitted). In class or collective actions, "counsel and not the parties themselves plays the leading role. It is counsel who judges the calculus for success of the litigation and who decides whether or not to sue. It is counsel who advances the cost of the litigation, makes the settlement decisions**,** and, in turn, who usually derives the largest financial benefit from the settlement." *Schwartz v. Dallas Cowboys Football Club, Ltd.*, 157 F. Supp. 2d 561, 570-71 (E.D. Penn. 2001); *see also Malchman v. Davis*, 588 F. Supp. 1047, 1058 (S.D.N.Y. 1984) ("It is, of course, a matter of common experience in class actions that the named plaintiffs are often people of very little sophistication in financial or legal matters. It is almost always the attorneys who make the litigation decisions**,** determine strategy, and negotiate settlement terms.") "Even where

an individual class member is aware of pending litigation, it is far from clear that she could have much influence on the class attorney because the attorney must act for the benefit of the class as a whole and therefore is not obliged to follow the unilateral wishes of any individual class member when those wishes deviate from the attorney's sense of optimal litigation strategy." Jonathan R. Macey and Geoffrey P. Miller, *The Plaintiffs' Attorney's Role in Class Action and Derivative Litigation: Economic Analysis and Recommendations for Reform*, 58 U. Chi. L. Rev. 1, 20 (1991) (cited in *In re Oracle Sec. Litig.*, 136 F.R.D. 639, *passim* (N.D. Cal. 1991))

Here, putative class members have a right to know and understand the role of class counsel and understand their relationship with counsel <u>before</u> consenting to join the collective action. This includes understanding that key decisions made by representative plaintiffs and class counsel may be binding on them.

Plaintiffs claim that the foregoing sentence should not be added because it may "frighten" putative class members. First NLC disagrees that there is anything "frightening" about this information or that it should cause the class members any trepidation. It is simply an informative statement. Assuming this information could "frighten" putative class members, it is for that reason that they should be told about it. The purpose of notice to the class is not simply to explain to putative class members the potential benefits of consenting to the lawsuit, but also to tell them about possible negative consequences. Assuming this information could be interpreted as negative, class members have a right to know it before consenting.

Accordingly, the foregoing sentence – or an equivalent version – should be included in the notice to class members. First NLC asked plaintiffs to propose an alternative sentence, but they refused.

**Proposed Sentence at page 4, lines 23-26.**

"If there is a recovery, Plaintiffs' attorneys will receive a part of any settlement obtained or money judgment entered in favor of all members of the class, which would proportionately reduce the award that each class member would receive."

**Rationale**

Plaintiffs do not dispute that this information is accurate. Indeed, they admit that they are taking this case on a contingency fee basis. Putative class members – or, for that matter, any of plaintiffs' counsel's clients – have a right to understand that, if there is a recovery in this lawsuit, each person's recovery will be proportionately reduced by plaintiffs' attorneys' fee award. This is one of the more important considerations for the class members, and it should be made clear.

**III.  CONCLUSION**

For the foregoing reasons, First NLC requests that the Court adopt its proposed notice to the class, attached hereto as Exhibit A.

Dated: November 21, 2006

TIMOTHY J. LONG
MICHAEL D. WEIL
ORRICK, HERRINGTON & SUTCLIFFE LLP


By:_____/s/_____
                        Michael D. Weil
                Attorneys for Defendant
            First NLC Financial Services, LLC