Peter Rukin State Bar No. 178336
John Hyland State Bar No. 178875
RUKIN HYLAND & DORIA LLP
100 Pine Street, Suite 725
San Francisco, CA  94111
Telephone: (415) 421-1800
Facsimile: (415) 421-1700

Donald H. Nichols, MN State Bar No. 78918
(admitted pro hac vice)
Paul J. Lukas, MN State Bar No. 22084X
(admitted pro hac vice)
Rachhana T. Srey, MN State Bar No. 3401433
(admitted pro hac vice)
Bryan J. Schwartz CA State Bar No. 209903
NICHOLS KASTER & ANDERSON, PLLP
4600 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 256-3200
Facsimile: (612) 215-6870
Attorneys for Individual and Representative Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JEREMY STANFIELD, ROMONIA PERSAND, and SHABNAM SHEILA DEHDASHTIAN, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>FIRST NLC FINANCIAL SERVICES, LLC, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.  C 06-3892 SBA<br><br><br><br>**REPLY TO DEFENDANT FIRST NLC FINANCIAL SERVICES, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF FIRST NLC'S PROPOSED NOTICE TO THE CLASS** |

        Plaintiff submits this brief only to rebut inaccuracies in Defendant's "Memorandum of

Points and Authorities" relating to Defendant's proposed sentence at page 3, lines 9-12. Plaintiffs

do not believe further briefing is necessary as to the remaining three sentences still in dispute.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**1.      Defendant's Proposed Sentence at page 3, lines 9-12**:

On Page 3, lines 9-12, Defendant requests the following language:

"Should the lawsuit not succeed, however, any person who joined the lawsuit may be collectively and/or proportionately liable to reimburse First NLC for its costs of suit – such as filing fees or deposition transcripts – and/or First NLC's attorneys' fees."

**2.      Defendant Would Not Be Entitled to Attorney Fees As a Prevailing Party.**

Defendant argues that courts may award attorneys' fees to prevailing defendants in an FLSA action, citing **EEOC v. Complete Dewatering**, 16 F. Supp. 2d 1362, 1368-69 (S.D. Fla. 1998) and **Kreager v. Solomon & Flanagan**, 775 F.2d 1541, 1542-43 (11th Cir. 1985). However, the **Complete Dewatering** decision was **reversed** by the Eleventh Circuit in **EEOC v. Complete Dewatering, Inc**., 281 F.3d 1283 (11th Cir. 2001). Though the Eleventh Circuit did not publish its reversal decision, the parties' briefing makes clear that the attorney fees award was precisely the issue before the Circuit Court. **See**, **e.g.**, 2000 WL 33995369.

Moreover, in **Kreager**, the 1985 decision by the Eleventh Circuit, the Court **remanded** an award by the District Court of attorney fees to Defendant, saying that such would only be appropriate if the plaintiffs had engaged in behavior comparable to that sanctionable under Fed.R.Civ.P. 11, setting forth a 13-factor test of bad faith. **Kreager**, 775 F.2d at 1542. In so doing, the Court expressly noted regarding the FLSA, "Unlike other legislation which authorizes fee awards to prevailing parties, the Fair Labor Standards Act does not specifically provide attorney's fees to prevailing defendants." **Id.** at 1542-1543.

Though Defendant seems to have been searching Florida cases, it failed to cite **Bell v. Mynt Entertainment, LLC**, 223 F.R.D. 680, 683 (S.D. Fla. 2004)(**citing** 29 U.S.C. § 216(b)), a much more recent and comparable case, in which the Court expressly refused to include language in an FLSA notice to class members after conditional certification. In **Bell**, the Court explained:

REPLY TO DEFENDANT FIRST NLC FINANCIAL SERVICES, LLC'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
FIRST NLC"S PROPOSED NOTICE TO THE CLASS
C 06-3892 SBA

2

Finally, the defendants object to the plaintiffs' proposed notice because it fails to inform potential plaintiffs that they could be liable to the defendants for attorney's fees and costs should the defendants prevail. The FLSA, however, is not a two-way fee-shifting statute. Attorney's fees are awarded to prevailing plaintiffs, but no similar provision is made for prevailing defendants. **See** § 216(b). The plaintiffs therefore will be liable for attorney's fees only where they have " 'acted in bad faith, vexatiously, wantonly or for oppressive reasons.' " **See Kreager v. Solomon & Flanagan, P.A.,** 775 F.2d 1541, 1543 (11th Cir.1985) (**citing Alveska Pipeline Service Co. v. Wilderness Society**, 421 U.S. 240, 258-59, 95 S.Ct. 1612, 44 L.Ed.2d 141(1975)). The plaintiffs' potential liability for attorney's fees is not as broad as the defendants imply, and I do not believe it is necessary for the court-ordered notice to contain language regarding this potential liability.

**Bell**, 223 F.R.D. at 683.

The Court here, as in **Bell**, should not acquiesce to Defendant's transparent attempt to scare away plaintiffs with legitimate claims. If, at any time in this litigation, the Court were concerned enough about the conduct of the plaintiffs in the case or the conduct of Plaintiffs' counsel, such that the Court were considering sanctions, then at that juncture the Court could seek to warn the plaintiffs of the possibility of sanctions. Such a warning is unnecessary at this juncture.

**3.      Plaintiffs Would Not Be Liable for Costs Should They Not Prevail.**

Defendant cites Fed. Rule Civ. Proc. 54(d) and **Rodriguez v. Whiting Farms, Inc.,** 360 F.3d 1180, 1190-91 (10th Cir. 2004) for the proposition that the plaintiffs may individually be liable for costs of suit, including deposition transcripts, in the event that Defendant prevails. However, **Rodriguez** does not address the instant case, in which Plaintiffs' counsel has agreed to absorb all costs unless and until Plaintiffs achieve successful resolution through judgment or settlement. Nor does **Rodriguez** address the issue of of whether such costs are even recoverable in light of the FLSA's limitation on the collective of fees and costs to the prevailing employees only (see, 29 U.S.C. § 216(b)), thereby negating Rule 54(d) which states that costs are recoverable "except when express provision therefore is made…in a statute of the United States." Since Defendant is unable to provide 9th Circuit authority on this issue, it should not be allowed to

1    insert this language that is designed merely to threaten potential plaintiffs.

2          For the foregoing reasons, Defendant's proposed sentence at page 3, lines 9-12 of

3    Defendant's proposed notice should be stricken.

4

5

6

7    Dated this 22nd day of November, 2006          NICHOLS KASTER & ANDERSON, PLLP

8
                                                        s/Bryan J. Schwartz
9                                                       Paul J. Lukas, MN #22084X
                                                        Bryan J. Schwartz, CA #209903
10                                                      4600 IDS Center
                                                        80 South Eighth Street
11                                                      Minneapolis, Minnesota 55402
                                                        Telephone: (612) 256-3200
12                                                      Fascimile: (612) 215-6870

13                                                      **ATTORNEYS FOR PLAINTIFF**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY TO DEFENDANT FIRST NLC FINANCIAL SERVICES, LLC'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
FIRST NLC"S PROPOSED NOTICE TO THE CLASS
C 06-3892 SBA

4

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that on the 22nd of November, 2006, I electronically transmitted the

attached document to the Clerk's Office using the CM/ECF Systems for filing and served a copy

U.S. Mail postage prepaid to:

Michael D. Weil
Orrick, Herrington & Sutcliffe, LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
mweil@orrick.com

Timothy J. Long
Orrick, Herrington & Sutcliffe, LLP
777 South Figueroa Street, Suite 3200
Los Angeles, California 90017
tjlong@orrick.com

                                                <u>s/Bryan J. Schwartz</u>
                                                Bryan Schwartz

REPLY TO DEFENDANT FIRST NLC FINANCIAL SERVICES, LLC'S
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
FIRST NLC'S PROPOSED NOTICE TO THE CLASS
C 06-3892 SBA