IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMY STANFIELD, et al., | No. C 06-3892 SBA |
| Plaintiffs, | **ORDER** |
| v. | |
| FIRST NLC FINANCIAL SERVICES, LLC, et al., | |
| Defendants. | |

This matter comes before the Court on the parties' memoranda regarding the content of the Notice of Collective Action. [Docket Nos. 121, 124, 126]

## BACKGROUND

On November 1, 2006, the Court granted Plaintiffs' Motion for Conditional Collective Action Certification. The Court made several rulings regarding the content of the Notice of Collective Action, which will be sent to all potential opt-in Plaintiffs, and ordered the parties to meet and confer within 10 days to draft a mutually-acceptable notice. The parties have now informed the Court that although they have agreed on most of the content of the notice, there are four sentences which Defendant argues should be included in the notice, to which Plaintiffs object.

## DISCUSSION

The Court will address each of the four disputed sentences in turn:

1. "Should the lawsuit not succeed, however, any person who joined the lawsuit may be collectively and/or proportionately liable to reimburse First NLC for its costs of suit – such as filing fees or deposition transcripts – and/or First NLC's attorneys' fees." (Page 3, lines 9-12)

Defendants argue that this information should be included in the notice because courts may award costs to prevailing defendants in FLSA suits, citing Federal Rule of Civil Procedure 54(d) and *Rodriguez v. Whiting Farms, Inc.*, 360 F.2d 1180, 1190-91 (10th Cir. 2004). Further, Defendants

1 contend, although the FLSA does not expressly provide for an award of attorneys' fees to prevailing
2 defendants, courts may make such an award, citing *EEOC v. Complete Dewatering*, 16 F. Supp. 2d
3 1362, 1368-69 (S.D. Fla. 1998) (noting that courts have allowed prevailing defendants in FLSA
4 cases to recover <u>only if the plaintiff acted in bad faith</u>) (emphasis added).

5     Plaintiffs correctly point out that the FLSA only provides for an award of attorneys' fees and
6 costs to prevailing plaintiffs. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to
7 any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorneys's fee to be paid <u>by
8 the defendant</u>, and costs of the action.") (emphasis added). Thus, even if Defendants are correct that
9 they may ultimately be able to recover attorneys' fees if they show that Plaintiffs acted in bad faith,
10 the proposed sentence is misleading because it suggests that if Plaintiffs lose the suit, they will
11 automatically be liable for attorneys' fees. Further, according to Plaintiffs, the fee agreement
12 between Plaintiffs and Plaintiffs' counsel specifies that costs will be borne by counsel, not by class
13 members.

14     The Court's previous Order stated that the Notice should make potential Plaintiffs aware of
15 any fees and costs for which they may be liable before opting in to the lawsuit. The language about
16 attorneys' fees is stricken. *See Bell v. Mynt Entertainment, LLC*, 223 F.R.D. 680, 683 (S.D. Fla.
17 2004) ("Attorney's fees are awarded to prevailing plaintiffs, but no similar provision is made for
18 prevailing defendants . . . The plaintiffs' potential liability for attorneys' fees is not as broad as the
19 defendants imply, and I do not believe it is necessary for the court-ordered notice to contain
20 language regarding this potential liability."). However, the Court approves the language about
21 potential costs, pursuant to its previous Order. Although Plaintiffs' counsel has agreed to absorb all
22 costs "unless and until Plaintiffs achieve successful resolution through judgment or settlement,"
23 potential Plaintiffs should be made aware that they may be liable for costs if they prevail.

24     Thus, the Court orders that the Notice include the sentence as follows: "Should the lawsuit
25 not succeed, however, any person who joined the lawsuit may be collectively and/or proportionately
26 liable to reimburse First NLC for its costs of suit, such as filing fees or deposition transcripts."

27 2.     "If you file a "Plaintiff Consent Form" your continued right to participate in this action will
28         depend upon a later decision by the Court that you and the named Plaintiffs are "similarly
        situated" in accordance with applicable laws, and that it is appropriate for this case to

United States District Court
For the Northern District of California

proceed as a collective action." (Page 3, lines 16-19)

Defendants contend that this sentence should be included because it is "a plain statement of the collective action process" and because class members have right to understand that the class may be decertified by the court. Plaintiffs respond that the sentence is a more confusing repetition of a sentence already included on page 2 of the notice: "Your right to participate in this lawsuit may depend on a later decision by the United States District Court that you and the representative Plaintiffs are actually 'similarly situated.'" Defendant concedes that the substance of the proposed sentence is contained elsewhere in the notice, but argues that it should be included under the heading "Effect of Joining or Not Joining This Lawsuit" to ensure that class members clearly understand this point.

The Court agrees with Plaintiffs that the sentence is redundant, and may confuse potential Plaintiffs. Thus, the Court rejects this proposed sentence.

3. "The representative plaintiffs and class counsel will make key decisions concerning the litigation, the method and manner of conducting this litigation, and all other matters pertaining to this lawsuit. These decisions will be binding upon you, unless you object." (Page 4, lines 19-21)

Defendants argue that this sentence is a true sentence about the relationship between class counsel and class members, citing various out-of-circuit cases in support. They argue that putative class members have the right to know the role of class counsel before consenting to join the collective action. Plaintiffs contend that the sentence is unnecessary because the Notice already states that class members will be bound by any settlement reached, and the fee agreement between Plaintiffs and class counsel also sets forth the nature and details of the relationship. Further, Plaintiffs argue, the proposed sentence "seeks only to frighten putative class members by inferring that, if they join this lawsuit, all decisions will be effectively out of their hands. This is untrue. All class members in a collective action have the right to opt-out at any time prior to accepting a settlement agreement or final resolution, and may consult with Plaintiffs' counsel at any point during the litigation."

Again, the Court agrees with Plaintiffs. The proposed sentence is misleading in that it implies that class members will have no input into the litigation, and it renders the Notice biased in

3

favor of Defendants.  Thus, the Court rejects this proposed sentence.

4.  "If there is a recovery, Plaintiffs' attorneys will receive a part of any settlement obtained or money judgment entered in favor of all members of the class, which would proportionately reduce the award that each class member would receive." (Page 4, lines 23-26)

Defendants assert that this information is accurate, and that putative Plaintiffs have a right to understand that any recovery would be proportionately reduced by Plaintiffs' attorneys' fee award. Plaintiffs object to the sentence because it is "merely a more confusing way of stating what is already clear elsewhere in the notice, that the attorneys will seek compensation, up to 40% of the recovery (on page 3 of the notice)."

The Court is inclined to agree with Defendants.  Although the Notice already states that Plaintiffs' counsel will be compensated up to 40% of the recovery, it does not explicitly state that this will reduce each class members' award.  However, rather than adding the sentence proposed by Defendants, the Court orders that the sentence on page 3 be amended as follows: "In addition, Nichols Kaster & Anderson and Rukin Hyland & Doria will seek to be compensated for their efforts in litigating this case, up to a combined 40% of all recovery, which will proportionately reduce the award that each class member would receive."

## **CONCLUSION**

The parties shall issue the Notice of Collective Action in accordance with this Order forthwith.

IT IS SO ORDERED.

Dated: 12/4/06

SAUNDRA BROWN ARMSTRONG
United States District Judge